UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTEMIO MENDEZ-GONZALEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 2:26−cv−01222−TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Artemio Mendez-Gonzalez, a 32-year-old citizen of Guatemala, entered the United States approximately a dozen years ago without inspection. Dkt. 1 ¶¶ 1–3, 24–25. Since then, he has worked, fathered four children who are U.S. citizens, and had no criminal history. Dkt. 1 ¶¶ 24–25; Dkt. 9 at 2. On March 5, 2026, Petitioner was arrested by Immigration and Customs Enforcement officers in Laurel, Maryland. Dkt. 6 ¶¶ 4–5; Dkt. 7-1 at 2–4. Five days later, he was transferred to the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 6 ¶ 5.

On April 20, 2026, Petitioner had a bond hearing before an immigration judge ("IJ"), who denied bond on the basis that Petitioner was subject to mandatory detention under 8 U.S.C.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

§ 1225(b)(2).[1] Dkt. 7-3 at 2. In the alternative, the IJ ruled that if he had jurisdiction to consider the bond request, he "would grant bond in the amount of $7500." *Id.* On April 30, the IJ issued an order of removal. Dkt. 9 at 2. On May 5, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals challenging the IJ's removal order, which is not yet administratively final. Dkt. 10 at 1.

On April 10, 2026, Petitioner filed this petition for writ of habeas corpus, primarily on the ground that he "has been unlawfully detained since March 6, 2026 without any meaningful custody review" in violation of the Due Process Clause. Dkt. 1 ¶¶ 33–35. On April 27, the Federal Respondents filed a return to the habeas petition, arguing that Petitioner "is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) . . . while his removal proceedings remain pending." Dkt. 5 at 5. On May 4, Petitioner filed a traverse. Dkt. 9. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

---

[1] In his petition, Petitioner refers to the date of the bond hearing as April 2. Dkt. 1 ¶¶ 5–6, 29. However, the record shows that the hearing occurred on April 20. Dkt. 7-3 at 2.

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within the parameters established therein. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. Dkt. 1 ¶¶ 1–3, 24–25. It is undisputed that Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See, e.g.*, Dkt. 7-1 at 4. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336. Although Petitioner frames his argument as a Due Process violation—arguing that it violates the Constitution to subject him to "civil immigration detention without any constitutionally adequate custody determination," *see* Dkt. 9 at 4—under the doctrine of constitutional avoidance, the Court need not consider whether Petitioner's detention violates Due Process because the construction of the INA adopted in *Rodriguez Vazquez* entitles Petitioner to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

a bond hearing. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (although not required, under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question").

Federal Respondents repeat the argument that the Court rejected in *Rodriguez Vazquez* – that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). They also argue that "the habeas petition should be denied because Petitioner has failed to exhaust his administrative remedies [regarding his bond hearing]." Dkt. 5 at 13. Both arguments are unavailing.

First, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a), not § 1225(b). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Because that statutory ruling entitles Petitioner to release on his alternative bond order, the Court need not reach his constitutional arguments. Second, Petitioner need not exhaust his administrative remedies. The Ninth Circuit has held that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, *unless exhaustion is excused*." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added). The Court finds that exhaustion is excused here. The Board of Immigration Appeals has already adopted Federal Respondents' position that the IJs lack jurisdiction to grant bond to any detainee who is charged with entering the United States without admission or parole, and the Court has already held that this position is inconsistent with the INA. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Federal Respondents do not dispute that Petitioner is currently subject to mandatory detention without the possibility of bond under § 1225(b)(2), consistent with agency-wide practice. Dkt. 7 at 1–3. He need not go through a futile exercise of appealing the bond

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

ruling while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). The IJ's bond denial rested on a claimed lack of jurisdiction; in the alternative, the IJ found that Petitioner was not a flight risk or danger to the community and determined that he would grant bond in the amount of $7,500 if he had jurisdiction. Dkt. 7-3 at 2. Under these circumstances, the Court concludes that because § 1225(b)(2) does not apply, the IJ had jurisdiction to enter the alternative bond ruling. Accordingly, the Court GRANTS the habeas petition.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within ONE day of this Order, Respondents must either release Petitioner Artemio Mendez-Gonzalez or allow his release upon payment of the alternative bond amount of $7,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 11th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5